02-13-007 & 008-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-13-00008-CR

 

 


 
 
 William
 Ernest Washington
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 371st District
 Court
  
 of
 Tarrant County (1297089D)
  
 February
 14, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS

 

 

PER CURIAM








 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-13-00007-CR

NO.  02-13-00008-CR

 

 


 
 
 WILLIAM ERNEST WASHINGTON
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371ST District Court OF
Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
William Ernest Washington attempts to appeal following his pleas of guilty to third-degree
felony violations of civil commitment requirements for sexually violent
predators.  See Tex. Health & Safety Code Ann. § 841.085(a), (b)
(West 2010).  Following the plea agreements, the trial court sentenced
Appellant to four years’ incarceration in each case.

The
trial court’s certifications of Appellant’s right to appeal state in each case that
this “is a plea-bargain case, and the defendant has NO right of appeal.”  See
Tex. R. App. P. 25.2(a)(2).  On January 10, 2013, we notified Appellant that these
appeals could be dismissed unless he or any party desiring to continue the
appeals filed a response showing grounds for continuing the appeals.  Appellant
filed a pro se request for an extension to respond to our jurisdictional
inquiry, but Appellant’s court-appointed attorney has not filed a response.

The
Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an
appellant may appeal only those matters that were raised by written motion
filed and ruled on before trial or after getting the trial court’s permission
to appeal.  See Tex. R. App. P. 25.2(a)(2).  Because the trial court’s
certifications reflect that Appellant has no right of appeal, we deny
Appellant’s request for an extension of time to respond to our jurisdictional
inquiry and dismiss these appeals for want of jurisdiction.  See Tex. R.
App. P. 25.2(a)(2), (d), 43.2(f).

 

 

PER CURIAM

 

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 14,
2013









[1]See Tex. R. App. P. 47.4.